**IT IS ORDERED as set forth below:**



**Date: November 24, 2025**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO. 25-51509-PWB** |
| **COLIANT SOLUTIONS, INC.,** | **CHAPTER 11** |
| **DEBTOR.** | |

**ORDER CONFIRMING DEBTOR'S**
**THIRD AMENDED PLAN OF REORGANIZATION**

On October 16, 2025, the Court held a hearing (the "**First Confirmation Hearing**") regarding Debtor's request for confirmation of its *Second Amended Plan of Reorganization* dated October 12, 2025 [Doc. No. 147] (the "**Second Amended Plan**"). On November 17, 2025, the Court held the continued confirmation hearing (the "**Continued Confirmation Hearing**") regarding Debtor's request for confirmation of its *Third Amended Plan of Reorganization* dated

October 30, 2025 (as modified by the terms of this Confirmation Order) [Doc. No. 158] the "**Third Amended Plan**").

### FINDINGS OF FACT [1]

On February 12, 2025 (the "**Petition Date**"), CoLiant Solutions, Inc. ("**Debtor**") filed its voluntary petition with the Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, (the "**Bankruptcy Code**").

Debtor has continued to manage its affairs and property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed.

On August 22, 2025, Debtor filed its original *Plan of Reorganization* (the "**Original Plan**") [Doc. No. 119] and its *Disclosure Statement for Plan of Reorganization* [Doc. No. 120] (the "**Original Disclosure Statement**").[2] Debtor also filed an *Expedited Motion for Entry of an Order (A) Approving the Disclosure Statement (B) Setting Deadline for Submitting Ballots and Objections to Debtor's Plan of Reorganization, and (C) Fixing the Date, Time, and Place for the Hearing on Confirmation of the Plan* [Doc. No. 121].

On September 8, 2025, Advance Financial Corporation ("**AFC**") filed its *Limited Objection to Disclosure Statement for Plan of Reorganization Proposed by Debtor CoLiant Solutions, Inc.* [Doc. No. 128] (the "**AFC Disclosure Statement Objection**"), identifying certain

---

[1] The findings and conclusions set forth in this Confirmation Order and in the record of the First Confirmation Hearing and the Continued Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Third Amended Plan.

inaccuracies and perceived mischaracterizations within the Original Plan and the Original Disclosure Statement. A hearing on the approval of the Original Disclosure Statement was held on September 10, 2025 (the "**Disclosure Statement Hearing**"). Both prior to and after the Disclosure Statement Hearing, AFC and Debtor negotiated a resolution to the issues raised in the AFC Disclosure Statement Objection.

On September 11, 2025, Debtor filed its *Amended Plan of Reorganization* [Doc. No. 131] (the "**Amended Plan**") and its *Amended Disclosure Statement for Plan of Reorganization* [Doc. No. 132] (the "**Amended Disclosure Statement**"). Both the Amended Plan and the Amended Disclosure Statement included language agreed to by AFC and Debtor regarding the AFC Disclosure Statement Objection.

On September 11, 2025, the Court entered the *Order Approving Disclosure Statement, Fixing Time for Filing Acceptances or Rejections of the Plan, and Fixing Time for Filing Objections to Confirmation of the Plan and Notice of Hearing on the Plan* [Doc. No. 133] (the "**First Confirmation Hearing Notice**") that, among other things, (a) approved the Amended Disclosure Statement as containing adequate information, (b) set a deadline for submitting ballots and objections to the Amended Plan, and (c) scheduled a hearing to consider confirmation of the Amended Plan. Pursuant to the First Confirmation Hearing Notice, the confirmation hearing was scheduled for October 16, 2025, and the deadline to submit ballots and/or to object to confirmation of the Amended Plan was set for October 10, 2025.

In accordance with the First Confirmation Hearing Notice, Debtor asserts that on September 12, 2025, it transmitted a copy of (i) the First Confirmation Hearing Notice, (ii) the Amended Plan, (iii) the Amended Disclosure Statement, and (iv) a ballot (collectively, the "**Solicitation Package**") to all creditors, equity holders, and other parties-in-interest who have

requested service, the U.S. Trustee, and all persons entitled to receive notice pursuant to the Bankruptcy Rules (the "**Notice Parties**") [Doc. No. 135]. Debtor asserts that it served the Solicitation Packages in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the First Confirmation Hearing Notice as evidenced by the Certificate of Service filed on September 12, 2025 [Doc No. 135].

Debtor asserts that adequate and sufficient notice of the First Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the First Confirmation Hearing Notice was provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the First Confirmation Hearing Notice.

Prior to the First Confirmation Hearing, on October 12, 2025, Debtor filed its *Second Amended Plan of Reorganization* [Doc. No. 147] (the "**Second Amended Plan**").

Prior to the First Confirmation Hearing, three parties filed objections to the Amended Plan and the Second Amended Plan. Fehring Ornamental Ironworks ("**Fehring**") filed an objection to and a ballot rejecting the plan [Doc. Nos. 143, 144]. NewTek Small Business Finance ("**NewTek**") filed an objection to and a ballot rejecting the plan [Doc. Nos. 151, 145]. Wood Real Estate Investors, LLC ("**Wood**") filed two objections to the plan [Doc. Nos. 142, 149].

At the First Confirmation Hearing, the Court heard proffered testimony of Mr. Stallings on the elements of 11 U.S.C. § 1129(a) and resolution of the objections filed by Fehring, NewTek, and Wood.

The Court continued the First Confirmation Hearing to November 17, 2025 [Clerk's Docket Entry Oct. 16, 2025] for Debtor to address issues regarding 11 U.S.C. § 1129(a)(9) and claims arising from Debtor's possible rejection of certain Monitoring Contracts in Section 8.03 of the Second Amended Plan.

On October 30, 2025, Debtor filed its Third Amended Plan [Doc. No. 158]. Debtor also filed a *Notice of Continued Hearing* (the "**Continued Hearing Notice**") [Doc. No. 159], which included the amendments to the Second Amended Plan. The Continued Hearing Notice was served on all creditors and parties in interest on October 30, 2025 [Doc. No. 165].

On October 16, 2025, Fehring withdrew its objection and amended its ballot to vote to accept the Second Amended Plan [Doc. No. 154]. On November 14, 2025, NewTek withdrew its objection and amended its ballot to vote to accept the Third Amended Plan [Doc. No. 162]. Wood withdrew its objections [Doc. No. 163].

On November 14, 2025, counsel for Debtor filed the *Second Amended Summary of Voting on Plan of Reorganization dated August 22, 2025, Amended Plan of Reorganization dated September 11, 2025, Second Amended Plan of Reorganization dated October 12, 2025, Third Amended Plan of Reorganization dated October 30, 2025* (the "**Second Amended Voting Summary**") [Doc. No. 164], which indicated that all Impaired Classes of Creditors, Classes 1, 3, 4, and 7 voted to accept the Plan.

Counsel for Debtor announced at the Continued Confirmation Hearing that Debtor was modifying **Section 8.03 Monitoring Contracts** of the Third Amended Plan to be replaced with the following language (the "**Third Amended Plan Modification**"):

> Debtor hereby assumes each of the contracts listed on Exhibit C attached to the Amended Plan of Reorganization filed on September 11, 2025 [Doc. No. 131] except for Debtor's contract (PO-20143-002) (the "**Blackburn Contract**") with Blackburn Construction, Inc. ("**Blackburn**") for the Wadsworth Junction project (the "**Project**"). The Blackburn Contract shall be deemed rejected as of the date of entry of the Confirmation Order, pursuant to 11 U.S.C. § 365 and Blackburn may terminate the Blackburn Contract pursuant to its terms. Debtor and Blackburn have agreed and hereby mutually release all claims, including any claims under the Bankruptcy Code, against each other arising from or relating to the Blackburn Contract and Project; provided, however, (i) title to all goods delivered to the Project have passed to Blackburn in accordance with the terms of the Blackburn Contract, and (ii) Blackburn reserves all rights, claims, and defenses against any

third parties relating to the Project. Until the Confirmation Order is entered, the parties agree that Debtor will not provide services to Blackburn and fees will not accrue and Blackburn can proceed with retaining a replacement monitoring service given its needs under the insurance policies.

NOW, THEREFORE, the Court having reviewed and considered the Third Amended Plan, the Second Amended Voting Summary, the representations of counsel for Debtor, Fehring, Wood, NewTek, AFC, the Creditor's Committee, and the United States Trustee at the First Confirmation Hearing and representations of Debtor's counsel at the Continued Confirmation Hearing, the modification to the Plan, the proffered testimony of Mr. Ken Stallings ("**Mr. Stallings**"), the principal of Debtor and the fifty percent (50%) shareholder, at the First Confirmation Hearing and the Continued Confirmation Hearing, and all other matters of record in this bankruptcy case, and it appearing to the Court that (i) notice of the First Confirmation Hearing was adequate and appropriate as to all parties to be affected by the Second Amended Plan and notice of the Continued Confirmation Hearing was adequate and appropriate as to all parties to be affected by the Third Amended Plan and the transactions contemplated thereby and (ii) legal and factual basis exist to establish just cause for the relief granted herein; and after due deliberation and good cause appearing therefor, the Court hereby makes the following Conclusions of Law:

CONCLUSIONS OF LAW:

Jurisdiction and Venue. This Court has jurisdiction over this case and over the subject matters of this Order pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Core Proceeding. Confirmation of the Third Amended Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. Debtor has consented to the entry of a final order by the Court.

Burden of Proof. Based on the record of this case, Debtor has met the burden of proving each element of § 1129(a) of the Bankruptcy Code by a preponderance of the evidence. The requirements for confirmation set forth in §§ 1129(a) of the Bankruptcy Code, which include by reference §§ 1122(a) and 1123(a)(1) of the Bankruptcy Code, have been satisfied.

Plan Modification Announced at the Continued Confirmation Hearing. The Third Amended Plan Modification is incorporated into the Third Amended Plan as if fully stated therein and hereby approved by this Confirmation Order.

Compliance with § 1129(a)(1) of the Bankruptcy Code. The Third Amended Plan complies with applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1) of the Bankruptcy Code.

Compliance with § 1129(a)(2) of the Bankruptcy Code. Debtor has complied with the applicable provisions of the Bankruptcy Code, including with respect to the Third Amended Plan and the solicitation of acceptances thereof, thereby satisfying § 1129(a)(2) of the Bankruptcy Code. Specifically:

a. Debtor is a proper debtor under § 109 of the Bankruptcy Code and proper proponent of the Plan under § 1121(a) of the Bankruptcy Code.

b. Debtor has complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

c. Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Hearing Notice in transmitting the Solicitation Packages to holders of impaired classes and in soliciting and tabulating votes on the Plan.

Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). Debtor has proposed the Third Amended Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3) of the Bankruptcy Code.

Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by Debtor for services or for costs and expenses in connection with this case, or in connection with the Third Amended Plan and incident to this case, requiring approval, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4) of the Bankruptcy Code.

Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)). The Third Amended Plan states that Ken and Contessa Stallings will not retain their shares in Reorganized Debtor as of the Effective Date; thus, satisfying § 1129(a)(5) of the Bankruptcy Code.

No Rate Changes (11 U.S.C. § 1129(a)(6)). The Third Amended Plan does not provide for any change in rates that require regulatory approval of any governmental agency. Thus, § 1129(a)(6) of the Bankruptcy Code is not applicable.

Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)). The Third Amended Plan satisfies § 1129(a)(7) of the Bankruptcy Code because each holder of a claim or interest in an impaired class has accepted the Third Amended Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Third Amended Plan, that is not less than the amount that such holder would receive or retain if Debtor were liquidated in a chapter 7 bankruptcy case. The liquidation analysis presented at the First Confirmation Hearing established that Debtor's secured creditors, Advance Financial Corporation, the United States Small Business Administration, and NewTek, would take possession of Debtor's personal property secured by their respective priority security interests in a chapter 7 liquidation and no other creditors would receive any distributions. Under the Third Amended Plan, the Impaired Classes are receiving distributions which are not less than the amount each would receive in a chapter 7 liquidation. Thus, the Third Amended Plan satisfies § 1129(a)(7) of the Bankruptcy Code.

Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(8)). As set forth in the Voting Summary, the Third Amended Plan was accepted by all Impaired Classes. Impaired Classes 1 and 3, 4, and 7 voted to accept the Plan.

Treatment of Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Allowed Administrative Claims and allowed non-tax priority claims satisfies the requirements of § 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of allowed priority tax claims satisfies the requirements of § 1129(a)(9)(C) of the Bankruptcy Code, thereby satisfying § 1129(a)(9) of the Bankruptcy Code.

Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)). As set forth in the Voting Summary, the four Impaired classes voted to accept the Third Amended Plan, thereby satisfying § 1129(a)(10) of the Bankruptcy Code.

Feasibility (11 U.S.C. § 1129(a)(11)). The evidence proffered in the Third Amended Plan, and at the Confirmation Hearing establishes that the Third Amended Plan is feasible, thereby satisfying the requirements of § 1129(a)(11) of the Bankruptcy Code. Debtor has demonstrated a reasonable assurance of the Third Amended Plan's prospects for success.

Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees payable to the Court or to the office of the United State Trustee have been paid or will be paid, thereby satisfying § 1129(a)(12) of the Bankruptcy Code.

Remainder of 11 U.S.C. § 1129(a) Inapplicable.  Subsections 13, 14, 15, and 16 of § 1129(a) of the Bankruptcy Code are not applicable here because (i) Debtor does not provide any retiree or benefit plans, (ii) Debtor is not subject to any domestic support obligations, (iii) no unsecured claimholders objected to the Third Amended Plan, and (iv) Debtor is not a non-profit entity.

Only One Confirmed Plan. The Court has not confirmed any other plan of reorganization in this case; accordingly, 11 U.S.C. § 1129(c) is satisfied.

Principal Purpose of Plan (11 U.S.C. § 1129(d)). The principal purpose of the Third Amended Plan is neither the avoidance of taxes nor the avoidance of § 5 of the Securities Act of 1933 (15 U.S.C. § 77e), and no governmental unit has objected to the confirmation of the Third Amended Plan on such grounds. The Third Amended Plan, therefore, satisfies the requirements of § 1129(d) of the Bankruptcy Code.

Good Faith Solicitation (11 U.S.C. § 1125(e)). The evidence proffered establishes that Debtor has solicited acceptances or rejections of the Third Amended Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, § 1125 of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of the Court and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation. Accordingly, Debtor and its agents, representatives, and attorneys are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

Satisfaction of Confirmation Requirements. Based on the foregoing, the Third Amended Plan satisfies the requirements for confirmation set forth in § 1129 of the Bankruptcy Code.

Retention of Jurisdiction. This Court may properly retain jurisdiction over this case and all matters arising under, arising in, or related to, this case and the Third Amended Plan and this Confirmation Order to the fullest extent permitted by law.

**It is now, therefore, hereby ORDERED as follows:**

Confirmation of the Plan. The Third Amended Plan (including the Third Amended Plan Modification) and each of its provisions (whether or not specifically approved herein) are approved and confirmed under § 1129 of the Bankruptcy Code. The Third Amended Plan complies with all

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local bankruptcy rules of the Court.

Binding Effect. Pursuant to § 1141 of the Bankruptcy Code, effective as of the Effective Date of the Third Amended Plan, the provisions of the Third Amended Plan and this Confirmation Order shall be binding on (i) Debtor and Reorganized Debtor, (ii) all holders of Claims against and Equity Interests in Debtor, whether or not impaired under the Third Amended Plan and whether or not such holders have accepted or rejected the Third Amended Plan, (iii) each Person or entity receiving, retaining or otherwise acquiring property under the Third Amended Plan, (iv) any non-Debtor party to an executory contract or unexpired lease with Debtor, (v) any Person or entity making an appearance in the Chapter 11 Case or any other party-in-interest in the Chapter 11 Case, and (vi) each of the foregoing's successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, or beneficiaries.  The provisions of the Third Amended Plan Modification addressing the Blackburn Contract and Project shall be binding on Debtor and Blackburn as of the entry of this Confirmation Order.

Revesting of Assets. After the Effective Date, all property and assets of Debtor's bankruptcy estate, and any other assets or property acquired by Debtor or Reorganized Debtor under or in connection with the Third Amended Plan, shall vest in Reorganized Debtor free and clear of all Claims, liens, encumbrances, charges and other interests, without supervision or approval of the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules other than those restrictions expressly imposed by the Third Amended Plan and this Confirmation Order.

Bankruptcy Code Provisions Inapplicable to Reorganized Debtor. On and after the Effective Date, the Reorganized Debtor may manage its business and its property and may use,

acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code, except as provided herein. Reorganized Debtor may open and utilize bank accounts and may employ professionals as it deems necessary in its sole discretion and shall no longer be required to use debtor-in-possession accounts or obtain Court approval for retention and compensation of professionals.

Authority to Act. Debtor, through the Effective Date, and Reorganized Debtor, and its respective authorized representatives, are authorized and empowered to take any and all actions necessary or desirable to implement the transactions contemplated by the Third Amended Plan and this Confirmation Order, in each case without any requirement of notice to, order of, or hearing before the Court. Each federal, state, and local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Third Amended Plan and the transactions contemplated thereby.

Government Approvals Not Required. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any governmental authority with respect to the implementation or consummation of the Third Amended Plan and any documents instruments or agreements, any amendments or modifications thereto, and any other acts referred to in or contemplated by the Third Amended Plan, the Disclosure Statement, and any documents, instruments or agreements contained therein, and any amendments or modifications of any of the foregoing.

Resolution of Disputed Claims. Except as otherwise ordered by the Court, any Disputed Claim shall be determined, resolved, or adjudicated in accordance with the terms of this Confirmation Order and the Third Amended Plan.

Injunctions. Except as otherwise provided in the Third Amended Plan, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against Debtor or the estate are, with respect to any such Claims, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting Debtor, or Reorganized Debtor, or any of its property or any direct or indirect successor in interest to Debtor or Reorganized Debtor or any property of any such successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against Debtor or Reorganized Debtor or any of their property, or any direct or indirect successor in interest to the Debtor or Reorganized Debtor or any property of any such successor; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against Debtor or the Reorganized Debtor or any of their property, or any successor in interest to the Debtor or Reorganized Debtor; and (d) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Third Amended Plan and to the full extent permitted by applicable law.

Headings. The headings contained within this Confirmation Order are used for convenience and shall not alter or affect the meaning of the text of this Confirmation Order.

References to Plan Provisions. The failure specifically to include or reference any particular provision of the Third Amended Plan or in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Third

Amended Plan (and any exhibits and schedules thereto) be confirmed in its entirety and incorporated herein by reference.

<u>Retention of Jurisdiction</u>. Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Case and all matters arising under, arising in, or related to, the Chapter 11 Case and the Third Amended Plan to the fullest extent permitted by law. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Confirmation Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

<u>/s/ Ceci Christy</u>
Ceci Christy
Georgia Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

**Distribution List**

Ceci Christy
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303